OPINION
Appellant Gina Sitra is appealing the decision of the Stark County Court of Common Pleas, Juvenile Division, that granted a change of legal custody, of Cherie Steiner, from the Stark County Department of Human Services ("Department") to Appellee Stanley Steiner. The following facts give rise to this appeal. On January 12, 1998, the trial court conducted an emergency shelter care hearing in regards to allegations of neglect of Levi Sitra, Matthew Sitra and Cherie Steiner. The magistrate found probable cause at the emergency shelter care hearing and awarded legal custody to the Department. The trial court temporarily placed Cherie Steiner with Appellee Stanley Steiner. On March 30, 1998, following an evidentiary hearing, the magistrate found the children neglected and awarded temporary custody to the Department. The children, including Cherie Steiner, continued to live where they had originally been placed. Prior to the evidentiary hearing, Appellee Stanley Steiner filed a motion to change legal custody of Cherie Steiner, from the Department, to himself, on January 30, 1998. The trial court conducted an adjudicatory hearing, on appellant's motion, on August 21, 1998. The parties could not resolve this matter and the trial court scheduled an evidentiary hearing for November 3, 1998. At the hearing, on November 3, 1998, the magistrate terminated the Department's custody of Cherie Steiner, awarded legal custody of Cherie Steiner, from the Department, to Appellee Stanley Steiner and designated appellee the residential parent. Appellant filed objections on November 3, 1998. The trial court conducted the objection hearing on December 8, 1998, and overruled appellant's objections. Appellant timely filed a notice of appeal and sets forth the following assignment of error for our consideration:
I. THE TRIAL COURT MISAPPLIED THE STANDARD FOR GRANTING A CHANGE IN LEGAL CUSTODY FROM THE DEPARTMENT OF HUMAN SERVICES TO STANLEY STEINER BECAUSE IT PLACED THE BURDEN OF PROOF ON THE NON-MOVING PARTY, MOTHER GINA SITRA. CONSEQUENTLY, THE TRIAL COURT, CONTRARY TO LAW, GRANTED LEGAL CUSTODY TO THE MOVING PARTY, FATHER STANLEY STEINER EVEN THOUGH NO SWORN TESTIMONY OR EVIDENCE WAS GIVEN THAT IT WAS IN CHERIE STEINER'S BEST INTEREST TO CHANGE LEGAL CUSTODY FROM THE DEPARTMENT OF HUMAN SERVICES TO HER FATHER.
 I
Appellant maintains, in her sole assignment of error, the trial court improperly placed the burden of proof on her, the non-moving party, in addressing appellee's motion for change of legal custody. We agree. The transcript in this matter indicates that at the hearing on appellee's motion to change legal custody only appellant and the caseworker Norma Thorpe testified. Although Stanley Steiner filed the motion, he presented no sworn testimony in support of the motion. Pursuant to Juv.R. 29(E)(4) and the case of In Re Willmann (1986), 24 Ohio App.3d 191, since appellee is seeking to modify a dispositional custody order, he was required to present proof by a preponderance of the evidence in order to prevail. Thus, appellant had the burden of going forward with evidence that would establish, by a preponderance of the evidence, that a change of legal custody, from the Department, to him, would be in the best interest of Cherie Stanley. Further, the testimony presented at the hearing, by appellant and Norma Thorpe, does not address the best interests Cherie Stanley. Therefore, we conclude appellant failed to meet the requisite burden of proof under his motion for change of legal custody. Appellant's sole assignment of error is sustained.
For the foregoing reasons, the judgment of the Court of Common Pleas, Juvenile Division, Stark County, Ohio, is hereby reversed and remanded for proceedings consistent with this opinion. Costs to appellee.
By: Wise, P. J. Farmer, J. concurs.
Edwards, J., concurs separately.